UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD & MISTY HERMANSON,

          Plaintiffs,

v.                                    Case No. 17-C-1085

DITECH FINANCIAL, LLC,

          Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Richard and Misty Hermanson sued Ditech Financial, LLC, in Outagamie County Circuit Court for refusing to cancel the private mortgage insurance they were required to maintain as a condition of their residential mortgage loan. Their original complaint asserted a statutory claim under Section 224.77 of the Wisconsin Statutes, which prohibits certain acts and practices of mortgage bankers, loan originators and brokers, and a common law claim for breach of contract. On July 19, 2017, Plaintiffs filed an amended complaint which added claims for unjust enrichment, conversion, and violations of the Homeowners Protection Act, 12 U.S.C. §§ 4901 *et seq.* Based on the new federal claim under the Homeowners Protection Act, Ditech removed the case to federal court asserting jurisdiction under 28 U.S.C. § 1331, and now moves for dismissal of the amended complaint for failure to state a claim. For the reasons that follow, Ditech's motion will be granted.

## ALLEGATIONS OF AMENDED COMPLAINT

In April 2007, the Hermansons bought their home with a loan from a mortgage company called Countrywide. Because the Hermansons borrowed more than 80% of the purchase price of their home, the loan agreement required payments for "private mortgage insurance." Private

mortgage insurance ("PMI") insures "against the nonpayment of, or default on, an individual mortgage or loan involved in a residential mortgage transaction" and is not available under the National Housing Act or the Housing Act of 1949. 12 U.S.C. §§ 4901 (8), (13).

By 2015, the ownership of the Hermansons' loan had been transferred several times and was then held by Ditech. Plaintiffs believed that by that time a combination of the payments they had made and the appreciation of the value of their property meant that they owed less than 80% of the current value of the property. If this was true, they thought they would no longer need to maintain private mortgage insurance as a condition of their loan. They therefore asked Ditech to appraise their property to determine if they could cancel their PMI. Ditech agreed to do so.

Plaintiffs allege that there then existed a contract between them and Ditech whereby Ditech agreed to have their property appraised, and if the loan's principal amount was equal to or less than 80% of the appraised value of their property, Ditech would cancel the private mortgage insurance. The property was appraised by Ditech, and Ditech found that Plaintiffs still owed a balance greater than 80% of the appraised value of the property. Plaintiffs reviewed the appraisal and discovered that the appraiser had not included the entire property in his appraisal. The appraiser estimated the value of Plaintiffs' home and the land on which it was located. Plaintiff also owned an adjacent lot that was covered by the same mortgage, however, and the appraiser had not included the vacant lot in his appraisal. Plaintiffs were convinced that if the entire property was appraised, the required loan to value ratio would be met. Plaintiffs repeatedly asked Ditech to redo the appraisal, but Ditech refused. Plaintiffs thereupon commenced this action.

Plaintiff claim that Ditech's failure to correct the appraisal it conducted and refusal to cancel the PMI constitutes a violation of Section 224.77 of the Wisconsin Statutes, and a breach of contract

and the implied duty of good faith and fair dealing implied therein. Plaintiffs further assert that Ditech has been unjustly enriched by collecting PMI premiums it is not entitled to, that Ditech has violated the Homeowners Protection Act, and that it has converted Plaintiffs' premium payments to its own use.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted and does not decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Guitierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, it must plead "more than labels and conclusions." *Id*. A simple, "formulaic recitation of the elements of a cause of action will not do." *Id*. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

# ANALYSIS

## A. HPA Claims

Plaintiffs allege that they have stated two claims under the HPA: one under § 4902, which deals with the termination of private mortgage insurance, and one under § 4910(b), which provides that external agreements are not precluded by the HPA. However, Plaintiffs have failed to state a claim under § 4902, and § 4910(b) does not create a cause of action; therefore, Plaintiffs have failed to state a HPA claim.

First, Plaintiffs allege that they have properly filed a request to terminate their private mortgage insurance under § 4902, which they allege Ditech has improperly refused. Section 4902 provides:

> A requirement for private mortgage insurance in connection with a residential mortgage transaction shall be *canceled on the cancellation date* or any later date that the mortgagor fulfills all of the requirements under paragraphs (1) through (4). . . .

12 U.S.C. § 4902.[1] Plaintiffs allege that they have plead all four requirements and have therefore sufficiently stated a claim that Ditech was required to remove the private mortgage insurance under § 4902.

However, § 4902 provides that the cancellation will occur on the "cancellation date" or a later date. The "cancellation date" is defined as the "date on which the principal balance of the mortgage . . . based solely on actual payments, reaches 80 percent of the *original value* of the property securing the loan." 12 U.S.C. §§ 4901(2)(A)(ii), (2)(B)(ii).[2] The "original value" of the

---

[1] The requirements of paragraphs (1) through (4) are omitted because they are not relevant to the analysis.

[2] The only substantive difference between the two § 4901(2) subsections is that § 4901(2)(A)(ii) applies to fixed rate mortgages and § 4901(2)(B)(ii) applies to adjustable rate

4

property is defined as "the lesser of the sales price of the property securing the mortgage, as reflected in the contract, or the appraised value at the time at which the subject residential mortgage transaction was consummated." 12 U.S.C. § 4901(12). Thus, in deciding whether Plaintiffs were entitled to cancel their PMI under § 4902, the question was whether they owed more than 80% of the original value, not the current value, of the property securing the loan. The new appraisal is therefore irrelevant to the determination.

It follows that Plaintiffs have failed to state a claim under § 4902. Plaintiffs allege that they believe they have paid enough of their loan that the principal balance is equal to or less than 80% of the current appraised value of their property. However, that is clearly insufficient to establish a claim under § 4902, which requires that the principal balance be equal to or less than 80% of the original value of the property. Plaintiffs allege no facts about the original value of the property. Their entire complaint focuses on the recent appraisal of their property and whether it is correct.

Alternatively, Plaintiffs argue that they entered into a private agreement to cancel their private mortgage insurance with Ditech if the principal balance of their loan was less than or equal to 80% of the appraised value of their property. They claim that Ditech's refusal to honor this agreement is a violation of § 4910(b). Section 4910(b) is a "Savings Clause," which states,

> Nothing in this Act shall be construed to preclude cancellation or termination, by agreement between a mortgagor and the holder of the mortgage, of a requirement for private mortgage insurance in connection with a residential mortgage transaction before the cancellation or termination date established by this Act for the mortgage.

---

mortgages. However, the language is identical. Additionally, because Plaintiffs allege only facts pertaining to their mortgage payment, subsections 2(A)(i) and 2(B)(i), which pertain to a cancellation date based off of the mortgage's amortization schedule, are not applicable.

12 U.S.C. § 4910(b). Section 4910(b) allows for mortgage companies and parties to enter into outside agreements to determine when PMI will be terminated or cancelled, but it does not create a separate cause of action. Whether Plaintiffs have a breach of contract claim will be addressed below. Regardless, there is no federal claim under the Savings Clause of the HPA. Because Plaintiffs have failed to alleged a cause of action under the HPA, that claim is dismissed with prejudice.

**B. State Law Claims**

Ditech alleges that Plaintiffs' remaining state law claims are all preempted by the HPA. The HPA contains a preemption clause that states,

> With respect to any residential mortgage or residential mortgage transaction consummated after the effective date of this Act, and except for [protected state laws], the provisions of this Act shall supersede any provisions of the law of any state relating to the requirements for . . . cancellation and automatic termination of such private mortgage insurance . . . and any other matter specifically addressed by this Act.

12 U.S.C. § 4908(a)(1). Alternatively, Ditech argues that Plaintiffs' allegations fail to support the state law claims asserted. I agree that Plaintiffs have failed to allege facts sufficient to support the state claims asserted and therefore do not address preemption.

**1. Violation of Mortgage Banker Regulations**

Plaintiffs allege that Ditech, by not performing a proper appraisal and cancelling their private mortgage insurance, has violated Wisconsin's mortgage banker regulations, pursuant to Wisconsin Statute § 224.77. Specifically, Plaintiffs allege that Ditech has done the following: demonstrated a lack of competency to act as a mortgage banker, in violation of § 224.77(1)(i); engaged in conduct that violates a standard of professional behavior that has been established for mortgage bankers, in

violation of § 224.77(1)(L); and engaged in conduct that constitutes improper, fraudulent, or dishonest dealings, in violation of § 244.77(1)(m).

These conclusory allegations are insufficient to state a claim. The actual facts alleged are that Ditech orally agreed to have an appraisal done of Plaintiffs property, apparently at its expense, and cancel the PMI if the amount still owed did not exceed 80% of the current value of the home. Assuming this allegation is true, which I must at this stage of the proceeding, it appears that the Ditech representative who Plaintiffs spoke to did not fully understand the law. This is hardly surprising. It does not, however, constitute improper, fraudulent, or dishonest dealing in violation of § 244.77(1)(m), lack of competency to act as a mortgage banker in violation of § 244.77(1)(I), or unprofessional conduct in violation of § 224.77(1)(L). More importantly, the complaint fails to indicate how such faulty information, assuming it was actually conveyed to them, damaged Plaintiff. The law remains that unless the amount of debt remaining on the property is greater than 80% of the original value, they were not entitled to cancellation of the PMI. Plaintiffs have failed to show how § 224.77 even applies to their situation, let alone that they are somehow aggrieved by a violation of it. Therefore, Plaintiffs have failed to state a claim for a violation under § 224.77.

## 2. Breach of Contract and Duty of Good Faith and Fair Dealing

Plaintiffs claim that they had an agreement for an earlier cancellation date with Ditech and that Ditech broke that agreement. The HPA explicitly states that it does not preempt these kinds of agreements. Therefore, a claim of breach of contract and breach of the implied duty of good faith and fair dealing arising from these agreements is not preempted. *See Fellows v. CitiMortgage, Inc.*, 710 F. Supp. 2d 385, 403–04 (S.D.N.Y. 2010); *Song v. Nationstar Mortgage Holdings Inc.*, No.

16-006, 2016 WL 3914148, at *4 (E.D. Penn. July 20, 2016). Nevertheless, it is clear that Plaintiffs do not have a claim for breach of contract.

The basis for their claim is the purported statement by some unnamed representative of Ditech that if an appraisal showed their principal due on their loan was 80% or less of the current value of the property, the PMI would be cancelled. Even if true, such a statement, absent consideration, does not constitute a contract. Plaintiffs do not allege that they made any promise or took any action in return for the alleged promise Ditech made. Absent considerations, there can be no contract. *See Peters v. Peters Auto Sales, Inc.*, 37 Wis. 2d 346, 349, 155 N.W. 2d 85 (1967) ("In an action based upon contract the complaint must allege the essential and ultimate facts constituting consideration.").

Even if consideration was given, the purported contract would still be unenforceable since it is not in writing. Under Wisconsin law, transactions by which any interest in land is created, aliened, mortgaged, assigned, or otherwise affected must be in writing. Wis. Stat. § 706.02. The requirement that Plaintiffs maintain PMI appears to be a provision of Plaintiffs' mortgage, thus requiring any modification to be in writing. Because there have been no allegations of a written contract, it would not be valid. Finally, as for the duty of good faith and fair dealing, Plaintiffs fail to explain how such a duty is breached by continuing to insist on the security and insurance that the HPA explicitly entitled Ditech to have. It follows that Plaintiffs' claim for breach of contract must fail.

### 3. Unjust Enrichment and Conversion

Plaintiffs also allege state law claims of unjust enrichment and conversion arising from their continued payments of the PMI premiums to Ditech after Ditech refused to cancel the insurance after

8

the appraisal. The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *S & M Rotogravure Service, Inc. v. Baer*, 77 Wis. 2d 454, 460, 252 N.W.2d 913 (1977). The elements of conversion are: (1) intentional control or taking of property belonging to another, (2) without the owner's consent, (3) resulting in serious interference with the rights of the owner to possess the property. *H.A. Friend & Co. v. Prof'l Stationary, Inc.*, 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 720 N.W. 2d 96. The essential elements of both claims are absent here. Plaintiffs were contractually obligated to maintain PMI as a condition of their loan, and they have failed to even allege facts that would show the conditions needed for cancellation have been met. Accordingly, these claims also will be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Ditech's motion to dismiss (ECF No. 10) is **GRANTED**. Because it appears Plaintiffs can allege no facts that would allow them to proceed, the action is dismissed with prejudice. The Clerk is instructed to enter judgment accordingly.

Dated this __30th__ day of November, 2017.


s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court